UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | |
|---|---|
| TIMOTHY DELAIN HAYGOOD )<br>)<br>*Plaintiff*, )<br>v. )<br>)<br>DETECTIVE MICHEAL OWEN EARLY, )<br>CHATTANOOGA POLICE DEPARTMENT, )<br> and CITY OF CHATTANOOGA )<br>)<br>*Defendants.* ) | No. 1:10-cv-177<br>*Chief Judge Curtis L. Collier* |

## **MEMORANDUM AND ORDER**

The Court is in receipt of a *pro se* civil rights complaint filed by Timothy Delain Haygood ("Plaintiff") pursuant to 42 U.S.C. § 1983 [Court File No. 2]. Plaintiff alleges Chattanooga Police Department Detective Michael Owen Early unjustifiably slandered his name and defamed his character when he falsely labeled him in the news media as being armed and extremely dangerous. In addition Plaintiff claims the detective used excessive force when he "snuck up on [him] . . . and shot a single shot grazing the side of [his] head and removing hair from [his] head above [his] right ear." [Court File No. 2]. Plaintiff requests damages in the amount of one hundred million dollars.

As explained below, Plaintiff will be permitted to proceed on his excessive force claim at this time.

**I.    Application to Proceed *In Forma Pauperis***

It appears from the application to proceed *in forma pauperis* submitted by Plaintiff that he lacks sufficient financial resources at the present time to pay the required filing fee of $350.00. Plaintiff, however, is not relieved of the ultimate responsibility of paying the $350.00 filing fee. Since Plaintiff is an inmate or prisoner in custody at CCA Silverdale, he is **ASSESSED** the civil filing fee of $350.00 under the Prisoner Litigation Reform Act, Pub. L. 104-134, 110 Stat. 1321,

codified in 28 U.S.C. § 1915 [Court File No. 1]. Plaintiff shall pay the full filing fee of three-hundred and fifty dollars ($350.00) pursuant to Prisoner Litigation Reform Act, Pub. L. 104-134, 110 Stat. 1321, codified in 28 U.S.C. § 1915.

Pursuant to 28 U.S.C. § 1915(b)(1)(A) and (B), the custodian of Plaintiff's inmate trust account at the institution where he now resides shall submit to the Clerk, United States District Court, 900 Georgia Avenue, Room 309, Chattanooga, Tennessee 37402, as an initial partial payment, whichever is the greater of

  (a)  twenty percent (20%) of the average monthly deposits to Plaintiff's inmate trust account; or

  (b)  twenty percent (20%) of the average monthly balance in Plaintiff's inmate trust account for the six-month period preceding the filing of the complaint.

Thereafter, the custodian **SHALL** submit twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to his trust account for the preceding month), but only when such monthly income exceeds $10.00, until the full filing fee of $350.00 as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

The Clerk of Court is **DIRECTED** to send a copy of this memorandum and order to the Warden and the Custodian of Inmate Accounts at CCA Silverdale, the Commissioner of the Tennessee Department of Correction, and the Attorney General for the State of Tennessee, to ensure the custodian of Plaintiff's inmate trust account complies with the portion of the Prison Litigation Reform Act relating to payment of the filing fee.

The agency having custody of Plaintiff **SHALL** collect the filing fee as funds become available. This order **SHALL** become a part of inmate Plaintiff's file and follow the inmate if he is transferred to another institution. The agency having custody of Plaintiff **SHALL** continue to

collect monthly payments from his prisoner account until the entire filing fee of $350.00 is paid.

Plaintiff is **ORDERED** to provide the prison officials at any new institution with a copy of this order. Failure of Plaintiff to notify the new prison officials of this order and outstanding debt, will result in the imposition of appropriate sanctions against him without any additional notice or hearing by the Court.

**II.     Standard of Review**

    **A.     *Pro Se* Pleadings**

*Pro se* pleadings filed in civil rights cases are liberally construed and held to a less stringent standard than formal pleadings drafted by lawyers. *McNeil v. United States*, 508 U.S. 106, 113 (1993); *Boag v. MacDougall*, 454 U.S. 364, 365 (1982); *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). However, *pro se* status does not exempt plaintiffs from the requirement that they must comply with relevant rules of procedural and substantive law. *Hulsey v. State of Texas*, 929 F.2d 168, 171 (5th Cir. 1991); *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981). *Pro se* plaintiffs must comply with Rule 8 of the Federal Rules of Civil Procedure which provides a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." *LRL Properties v. Portage Metro Housing Authority*, 55 F.3d 1097, 1104 (6th Cir. 1995). Although the standard of review is liberal, it does require more than the bare assertion of legal conclusions. *Lillard v. Shelby County Bd. Of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996) (standard of review for dismissing a complaint pursuant to Fed. R. Civ. P. 12(b)(6)-failure to state a claim upon which relief may be granted); *LRL Properties*, 55 F.3d at 1103-04; *Allard v. Weitzman* (In re *DeLorean Motor Co.*), 991 F.2d 1236, 1240 (6th Cir. 1993); *Hartfield v. East Grand Rapids Public Schools*, 960 F. Supp. 1259, 1268 (W.D. Mich. 1997).

The complaint must give the defendants fair notice of what the plaintiff's claim is and the

grounds upon which it rests. *Lillard*, 76 F.3d at 726; *Gazette v. City of Pontiac*, 41 F.3d 1061, 1064 (6th Cir. 1994). Although the Federal Rules of Civil Procedure do not require a plaintiff to set out in detail the facts underlying the claim, the plaintiff must provide sufficient allegations to give defendants fair notice of the claims against them. *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 168 (1993). "Specific facts are not necessary; the statement need only give the defendant fair notice of what the claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (internal quotation marks and citations omitted). In deciding whether the complaint states a claim, the Court must accept as true all of the factual allegations contained in the complaint. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). Thus, at a minimum, a complaint must include the necessary facts and grounds upon which a particular claim rests. "In practice, 'a . . . complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory.'" *Lillard*, 76 F.3d at 726 (citations omitted).

**B.     Screening Pursuant to 28 U.S.C. §§ 1915A and 1915(e)**

The Court must review a prisoner's complaint to determine whether it states a claim entitling Plaintiff to relief or is frivolous or malicious or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); *McGore v. Wrigglesworth*, 114 F.3d 601, 607 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). If any claim(s) asserted falls within one of these categories, such claim(s) must be dismissed.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992), *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Thus, the Court may dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. "Malicious,"

4

although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109-10 (7th Cir. 2003 (citations omitted).

    **C.**    **42 U.S.C. § 1983**

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege he suffered a deprivation of a right secured by the Constitution or laws of the United States by a person acting under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980).

**III.**    **Claims**

Plaintiff's complaint is somewhat difficult to decipher as he makes rambling allegations against Detective Early, many of which are not supported by any explanation or factual allegations. The Court discerns that Plaintiff claims the detective slandered him and defamed his character and that he used excessive force when arresting him.

    **A.**    **Slander and Defamation Claim**

According to the allegations in the complaint, Detective Early "unjustifiably slandered ...[Plaintiff] and defamed his character . . . [when] he falsely labeled . . . [Plaintiff] in the televised news media as being a[n] armed and extremely dangerous man placing a $1000.00 cash reward on . . . [his head] warning . . . people to avoid [him] at all cost and to contact police immediately if . . .seen." [Court File No. 2, at 4].[1]

The Fourteenth Amendment of the United States Constitution forbids state actors from depriving an individual of life, liberty, or property without due process of law. U.S. CONST. amend. XIV. Plaintiff's defamation allegations do not allege a Fourteenth Amendment due process claim. To state a claim under 42 U.S.C. § 1983, Plaintiff must establish he was deprived of a federal

---

[1] Under Tennessee law, "[l]ibel and slander are both forms of defamation; libel being written defamation and slander being spoken defamation." *Davis v. The Tennessean*, 83 S.W.3d 125, 128 (Tenn.Ct.App. 2001) (citation omitted).

right by a person acting under color of state law. *Black v. Barberton Citizens Hospital*, 134 F.3d 1265, 1267 (6th Cir. 1998). Defamation or slander, without more, does not state a claim under 42 U.S.C. § 1983. Harm or injury to reputation does not result in a deprivation of any "liberty" or "property" protected by the Due Process Clause. *Paul v. Davis*, 424 U.S. 693, 712 (1976). Thus, to the extent Plaintiff seeks to raise § 1983 claims based upon the theories of slander and defamation, those claims must fail because they do not involve the violation of rights secured by the Constitution and laws of the United States. *See Voyticky v. Village of Timberlake, Ohio,* 412 F.3d 669, 677 (6th Cir. 2005) ("Absent a further injury, such as loss of a government job or loss of a legal right or statuts, defamation, by itself, does not constitute a remediable constitutional claims."), *Azar v. Conley*, 456 F.2d 1382, 1389 (6th Cir. 1972) ("[T]he Civil Rights Act does not give rise to a cause of action for slander.").

Accordingly, Plaintiffs defamation/slander claim will be **DISMISSED** as frivolous and for failure to state a claim for which relief may be granted. 28 U.S.C. §§ 1915A and 1915(e).

### B.  Excessive Force Claim

According to the allegations in the complaint Detective Early used excessive force against Plaintiff on July 25, 2009, when he, presumably, arrested him, by shooting a single shot that grazed his head. A claim that a law enforcement officer used excessive force in the course of an arrest or other seizure claim is analyzed under the Fourth Amendment reasonableness standard. *Graham v. Connor*, 490 U.S. 386, 394-95 (1989). "Determining whether the force used to effect a particular seizure is 'reasonable' under the Fourth Amendment requires a careful balancing of 'the nature and quality of the intrusion on the individual's Fourth Amendment interests' against the countervailing governmental interest at stake." *Graham*, 490 U.S. at 396 (citations omitted). Fourth Amendment jurisprudence recognizes the right to make an arrest or investigatory stop necessarily carries with

it the right to use a reasonable degree of physical force or threat thereof to effect the arrest or stop.

*Id.* The Supreme Court has instructed that:

> Because the test of reasonableness under the Fourth Amendment is not capable of precise definition or mechanical application, however, its proper application requires careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight.

*Id.* (internal citations and quotation marks omitted). When analyzing whether a particular use of force is reasonable, courts must judge the use of force from the perspective of a reasonable officer on the scene. *Id.*

Plaintiff claims Detective Early came from behind and shot a single shot which grazed the side of his head. Plaintiff has not provided an explanation of the circumstances surrounding the incident. Although Plaintiff's allegations against Detective Early are so sparse he very nearly fails to state a claim against him, taking his *pro se* status into account and construing his allegations liberally, as the Court is required to do, Plaintiff's claim of excessive force in violation of the Fourth Amendment will be permitted to go forward at this time.

**IV.    Service**

The Clerk is **DIRECTED** to send Plaintiff service packets (a blank summons and USM 285 form) for the defendants named in this action. Plaintiff is **ORDERED** to complete the service packets and return them to the Clerk's Office **within twenty (20) days** from the date of this Order. At that time the summons will be signed and sealed by the Clerk and forwarded to the U.S. Marshal for service. Fed. R. Civ. P. 4. Plaintiff is forewarned that failure to return the completed service packet within the time required could jeopardize his prosecution of this action.

Defendants **SHALL** answer or otherwise respond to the complaint **within thirty (30) days**

from the date of service.

Plaintiff is **ORDERED** to inform the Court and Defendant or his counsel of record, immediately of any address changes. Failure to provide a correct address to this Court within **ten (10) days** following any change of address will result in the dismissal of this action.

SO ORDERED.

ENTER.

**/s/**
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**