| | |
|---|---|
| TIMOTHY DELAIN HAYGOOD )<br>)<br>    *Plaintiff*, )<br>v. )<br>)<br>DETECTIVE MICHEAL OWEN EARLY; )<br>CHATTANOOGA POLICE DEPT.; )<br>CITY OF CHATTANOOGA )<br>)<br>    *Defendants*. ) | No. 1:10-cv-177<br>*Chief Judge Curtis L. Collier* |

## MEMORANDUM

The suit arises under 42 U.S.C. § 1983 (Court File No. 2). Plaintiff Timothy Delain Haygood ("Plaintiff" or "Haygood") alleges Chattanooga Police Department Detective Michael Owen Early used excessive force when he "snuck up on [him] . . . and shot a single shot grazing the side of [his] head and removing hair from [his] head above [his] right ear." (Court File No. 2). The Court previously dismissed his claims for slander and defamation as frivolous and failing to state a claim upon which relief may be granted, permitting him to proceed only on his claim that Defendant Michael Own Early ("Defendant") used excessive force in violation of the Fourth Amendment.

Presently before the Court is Defendants' motion for summary judgment pursuant to Fed. R. Civ. P. 56 (Court File No. 47). Plaintiff has filed a document in opposition (Court File No. 53). For the following reasons, the motion for summary judgment will be **GRANTED** (Court File No 47).

**I.     Summary Judgment**

Summary judgment is appropriate where no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party

bears the initial burden of demonstrating that no genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The nonmoving party may not rest on its pleadings, but must come forward with some significant probative evidence to support its claim. *Id*. at 324; *see also Guarino v. Brookfield Township Trustees*, 980 F.2d 399, 404-06 (6th Cir. 1992) (holding courts do not have the responsibility to search the record *sua sponte* for genuine issues of material fact). To rebut that no genuine issue of material fact exists, the non-moving party must present some significant, probative evidence indicating the necessity of a trial for resolving a material, factual dispute. *Celotex Corp.*, 477 U.S. at 322. A mere scintilla of evidence is not enough. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

The nonmoving party is not entitled to a trial merely on the basis of allegations; its failure to make a sufficient showing on an essential element of its case on which it bears the burden of proof will entitle the moving party to summary judgment. *Celotex Corp.,* at 323-24. The Court views the facts contained in the record and all inferences thereto in the light most favorable to the non-moving party, *see Matsushita Elec. Indus. Co. v. Zenith Radio Corp*., 475 U.S. 574, 587 (1986), then determines whether the case contains sufficient evidence from which a jury could reasonably find for the non-moving party, but does not weigh evidence, judge credibility of witnesses, or determine the truth. *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248-49 (1986).

**II.** **Analysis**

    *A.*     *42 U.S.C. § 1983*

To state a viable claim under 42 U.S.C. § 1983, a plaintiff must allege: (1) he was deprived of a right, privilege, or immunity secured by the Constitution or laws of the United States; and (2) the deprivation was caused by a person while acting under color of state law. *Flagg Bros. Inc. v.*

*Brooks*, 436 U.S. 149, 155-56 (1978); *Brock v. McWherter*, 94 F.3d 242, 244 (6th Cir. 1996). To maintain a cause of action for damages under 42 U.S.C. § 1983, a plaintiff must also allege the defendant caused the plaintiff an injury and show actual damages. *See Carey v. Piphus*, 435 U.S. 247, 255 (1978); *Chatman v. Slagle*, 107 F.3d 380, 384 (6th Cir. 1997); *Zehner v. Trigg*, 952 F.Supp. 1318, 1321 (S.D. Ind.), *aff'd* 133 F.3d 459 (7th Cir. 1997).

### B. *Claims Against Chattanooga Police Department*

In addition to identifying Detective Mike Early and the City of Chattanooga as Defendants, Plaintiff also identifies the Chattanooga Police Department as a Defendant who violated his constitutional rights. Since the Chattanooga Police Department is not a suable entity under § 1983, but rather, is a subdivision of the City of Chattanooga, it will be dismissed from the lawsuit. *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th cir. 1994) ( a police department is not an entity which can be sued under § 1983); *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992) ("Sheriff's departments and police departments are not usually considered legal entities subject to suit.")

Accordingly, the Defendant identified as the Chattanooga Police Department will be **DISMISSED** from this action.

### C. *City of Chattanooga*

Plaintiff also identifies the City of Chattanooga as a Defendant. The City may be held liable for Plaintiff's alleged injuries only if those injuries were the result of an unconstitutional policy or custom of the City. *Monell v. Department of Social Services*, 436 U.S. 658 (1978). Plaintiff has neither alleged in his complaint nor presented any evidence in response to the motion for summary judgment that Defendant used excessive force pursuant to a City of Chattanooga policy governing the use of force when arresting a criminal. Nor has Plaintiff presented evidence that the City of

3

Chattanooga had no regulations whatsoever governing the use of excessive force when effecting an arrest, and the lack of any regulation was the functional equivalent to a policy of permitting the use of excessive force when effecting an arrest.[1]

In support of their motion for summary judgment, Defendant Early submitted his affidavit wherein he avers the City of Chattanooga did not have a policy, custom, or practice of allowing its police officers to use excessive force when taking a person into custody. Because the City cannot be held liable for the use of excessive force by one of its police officers in the absence of a policy or custom which resulted in the use of excessive force and because Plaintiff has not presented any evidence of a City policy or custom permitting the use of excessive force when taking a person into custody, Plaintiff has failed to state facts giving rise to an excessive use of force claim under § 1983, and the City will be **GRANTED** summary judgment.

### D. *Excessive Force Claim Against Defendant Early*

Plaintiff's claim against Defendant arises out of a July 23, 2009, incident in which Defendant attempted to arrest Plaintiff. Initially the Court observes Plaintiff has failed to identify in what capacity he has sued Defendant. A suit brought against a public, government official will not be construed as seeking damages against the defendant in his individual capacity unless such a claim for individual liability is clearly and definitely set forth in the pleading. *Pelfrey v. Chambers*, 43 F.3d 1034, 1038 (6th Cir.), *cert. denied*, 515 U.S. 1116 (1995); *Thiokol Corp. v. Department of*

---

[1] Although Plaintiff's rambling pleadings allege Defendant has engaged in presumably improper activity during his career as police officer but has been "untouchable" due to his powerful father and friends, he has not demonstrated the City of Chattanooga had a policy or custom of permitting police officers or Defendant to use excessive force when effecting an arrest. Similarly, Defendant's arrest for DUI and subsequent guilty plea to reckless driving does not reflect a City policy or custom of permitting the use of excessive force to effect an arrest (Court File No. 2, Complaint for DUI & Judgment).

4

*Treasury, State of Mich., Revenue Div.*, 987 F.2d 376, 383 (6th Cir. 1993); *Lovelace v. O'Hara*, 985 F.2d 847, 850 (6th Cir. 1993); *Hardin v. Straub*, 954 F.2d 1193, 1199-1200 (6th Cir. 1992); *Wells v. Brown*, 891 F.2d 591 (6th Cir. 1989); *Johnson v. Turner*, 855 F. Supp. 228, 231 (W.D. Tenn. 1994), *aff'd*, 125 F.3d 324 (6th Cir. 1997). Generally, absent any express indication the defendant is being sued in his individual capacity, the Court must assume he is being sued only in his official capacity as an employee of the governmental entity. *Whittington v. Milby*, 928 F.2d 188, 193 (6th Cir.), *cert. denied*, 502 U.S. 883 (1991); *Wells*, 891 F.2d at 593-94. A suit against an individual in his official capacity is the equivalent of a suit against the governmental entity. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 68 (1989).

The complaint does not indicate whether Defendant is being sued in his official capacity, individual capacity, or both. Although the Court would have been inclined to construe the complaint as only raising a claim against Defendant in his official capacity and denied relief as explained in Section C *supra*, because Defendant interpreted the complaint as stating a claim against him in his individual capacity, the Court will do the same. Nevertheless, for the reasons explained below Defendant is entitled to summary judgment.

A claim that a law enforcement officer used excessive force in the course of an arrest or other seizure is analyzed under the Fourth Amendment reasonableness standard. *Graham v. Connor*, 490 U.S. 386, 394-95 (1989). "Determining whether the force used to effect a particular seizure is 'reasonable' under the Fourth Amendment requires a careful balancing of 'the nature and quality of the intrusion on the individual's Fourth Amendment interests' against the countervailing governmental interest at stake." *Graham*, 490 U.S. at 396 (citations omitted). Fourth Amendment jurisprudence recognizes the right to make an arrest or investigatory stop necessarily carries with

5

it the right to use a reasonable degree of physical force or threat thereof to effect the arrest or stop.

The Supreme Court has instructed that it is unconstitutional to use deadly force to prevent the escape of a felony suspect unless "the officer has probable cause to believe that the suspect poses a threat of serious physical harm, either to the officer or to others." *Tennessee v. Garner*, 471 U.S. 1, 11 (1985). Thus, before he would be legally justified in using deadly force to stop Plaintiff as he fled, Defendant had to believe Plaintiff was a felon and a danger either to him or to the community at large. *Id.*

Although Plaintiff claims Defendant's alleged shooting at him constituted excessive force, the Court need not engage in an analysis of the above laid out principles applicable to police seizures through the use of deadly force to the facts of this case because, for the reasons explained below, Plaintiff has failed to present any evidence to support his allegation. In other words, he has failed to present evidence sufficient to survive the Defendants' motion for summary judgment.

Defendant's version of the events of the attempted arrest are set forth in his affidavit submitted in support of Defendants' motion for summary judgment (Court File No. 48). The only evidence presented by Plaintiff to counter Defendant's sworn affidavit is an unsworn pleading filed in opposition to the motion for summary judgment (Court File No. 53).[2] Although Plaintiff failed to label his document, the Court construes it as a response in opposition to Defendants' motion for summary judgment. Defendant, however, did not submit it under oath, and he failed to submit any credible evidence establishing Defendant shot at him (Court File No. 53).

In addition, neither Plaintiff's complaint nor any of his subsequent filings supplying any of

---

[2] Plaintiff's rambling response provides no evidence to substantiate his claim, but rather, asks questions and states, *inter alia*, "[e]ven if I were lying in my claim where does a criminal have a legal right to bare a badge and fire arm [sic] to chase criminals." (Court File No. 53).

6

the details of the alleged assault were signed under oath or penalty of perjury. Though Plaintiff makes a number of unsubstantiated allegations, these allegations are totally unsupported by any evidence–either by an affidavit of his own or of a witness, or any documentary evidence. A plaintiff has the burden of persuasion to show there is a genuine issue for trial by setting forth specific facts in an affidavit or with other evidence and the failure to do so requires entry of judgment in favor of the defendant. *See Beard v. Banks*, 548 U.S. 521, 529 (2006). Unsworn statements do not meet the requirements of Fed. R. Civ. P. 56(e). *Adickens v. S.H. Kress & Co*. 398 U.S. 144, 158 n. 17 (1970). Consequently, Plaintiff's unsworn opposition to Defendants motion for summary judgment fails to meet his burden of persuasion.

The record before the Court is Defendant's uncontradicted affidavit denying he ever shot at Plaintiff, and Plaintiff's unsupported, bald, and unsworn allegation that Defendant shot at him and although Plaintiff did not realize he was hit at the time of the alleged shooting, he now alleges a recent dental x-ray (which has not been presented to the Court) reflects he has shrapnel in his head, which he claims was the result of the alleged shooting. This is insufficient to establish a genuine issue of material fact. In the absence of this showing on the part of the Plaintiff, the Court is left with a void with respect to evidence to support Plaintiff's burden. For this reason, the Court must grant Defendant's motion for summary judgment.

While Plaintiff has failed to produce any evidence supporting his allegation, Defendant has submitted a detailed affidavit. Since the facts contained in this affidavit are uncontested, the Court will credit the Defendants' version of the facts. . Fed. R. Civ. P. 56(e). *See Walker v. Danly Mach. Corp.* 812 F.2d 1409 (6th Cir. 1987), *available at* 1987 WL 35872, *2 (Because the plaintiff "failed to provide a counter-affidavit or any other form of substantiation for his version of the facts[,]

7

[u]nder Fed. R. Civ. P. 56(e), the trial judge had the discretion to accept defendant's version of the facts as being true").

Defendant's affidavit in support of the motion for summary judgment denies that he shot at Plaintiff. In his affidavit, Defendant avers he was assigned to work a car burglary that occurred at 2511 Riverside Drive on July 22, 2009. Defendant avers he is familiar with the area of Riverside Drive where the burglary occurred and is aware homeless people occupy an area near Grace Avenue which is near the location of the burglaries. As Defendant proceeded to that location, he observed a gray Dodge pickup truck parked along side of the road where the homeless people were gathered. Defendant spoke with Joe Lanier who stated he was riding in the gray Dodge truck on Riverside Drive on July 22, 2009, but he did not participate in burglarizing any cars, and he did not identify the person who burglarized the cars.

Upon checking the registration and vehicle identification information of the gray Dodge truck, it was determined the truck was stolen. Mr. Lanier was subsequently arrested by other City police officers for theft of a motor vehicle. On or about July 22, 2009, another witness contacted the City to state he believed he had purchased stolen tools. The witness told a sergeant in property crimes he purchased Ryobi tools from Plaintiff. The witness identified Plaintiff from photographs.

Defendant prepared an affidavit of complaint on July 23, 2009, alleging Plaintiff had burglarized two cars and committed two acts of theft of property. After the arrest warrant was issued for Plaintiff, Defendant received a telephone call from a witness who stated Plaintiff could possibly be found near Grace Avenue and Riverside Drive. Defendant went to the location and located Plaintiff who subsequently ran away so Defendant was unable to apprehend him. Defendant avers he did not discharge his weapon or shoot Plaintiff in the head. Plaintiff was a fugitive from

July 23, 2009, to August 14, 2009.

On August 14, 2009, Defendant was contacted by a witness who stated Plaintiff had been taken into custody and was in the Hamilton County Jail. When Defendant contacted the jail, he was told they had booked a Brandon Haygood. Upon further inquiry, it was determined the person arrested by Officers Kevin Otto and Chris Selman on August 13, 2009, on Oakwood Drive for breaking into a motor vehicle was Plaintiff. Thus, Plaintiff was subsequently arrested by the Sheriff's office on the outstanding July 23, 2009, arrest warrant (Court File No. 48, Defendant's Affidavit).[3]

Plaintiff maintains Detective Early used excessive force against him on July 25, 2009, when he presumably attempted to arrest him, by shooting a single shot that grazed his head. In his unsworn complaint, Plaintiff alleges Detective Early shot a single shot grazing the side of his head, removing some of the hair above his right ear from his head (Court File No. 2, p. 4).

Plaintiff fleshed out his claim in his unsworn pretrial narrative statement wherein he explained he was warned that a female who had just given him a bag of crack was trying to set him up for Detective Early and advised him to "hit the woods and get outta sight before something happened to [Plaintiff]." (Court File No. 41, p. 3). Plaintiff entered the woods and walked up a hill until he was looking down onto the roof of the back of the residence where he had obtained the crack. While sitting and resting he observed Detective Early travel towards the house where he disappeared. Plaintiff remained "hidden in the thickets" and after ten minutes he "melted a piece [of crack] into [his] pipe and [ ] raised it up and hit it." (Court File No. 41-2, p. 23). Soon thereafter,

---

[3] Plaintiff pleaded guilty to burglary of an auto, three charges of theft, vandalism, evading arrest, and possession of drug paraphernalia (Court File No. 48-2).

9

he saw Defendant through some thick brush pointing a firearm at him. According to Plaintiff, Defendant suddenly fired his weapon and "the bullet popped through my hair grazing my head when it whizzed through and then I heard the loud boom of the gun firing after the bullet were [sic] gone. I then ran for my life to my fathers [sic] house." (Court File No. 41, p. 4). When Plaintiff arrived at this father's house, his ear was bleeding and he explained to them it was from running through the woods but he had not been shot. Notably, Plaintiff does not claim he sought any medical attention after this incident. However, he claims he recently had a mandatory dental x-ray that showed he had shrapnel from a bullet in his head, which he claims is the result of this alleged shooting (Court File No. 41, p. 4).

Plaintiff's pretrial narrative indicates Lee Nation, Ricky Allen Lanier, Gail Crane, Barbara Lanier, Daniel Hedrick, Daniel Hedrick, and Doyle Hamilton all heard the gun shot, and Lee Nation, Plaintiff's father, Margaret Irene Robinson, Jamie Harrold, Jerry Heaton, Jackie Heaton, Wayne Heaton Sr., Wayne Heaton Jr., Tommy Heaton, and Alecia Hardeman observed his injuries. Plaintiff, however, has not only failed to submit his own affidavit in opposition to the motion for summary judgment, he has failed to provided sworn statements from any witness or any credible evidence whatsoever to support this claim. Although the Court previously granted Plaintiff's motion requesting to subpoena his dental records and x-ray which allegedly evidences shrapnel in his head and had it served, Plaintiff has failed to present a copy of the dental x-ray or any evidence demonstrating he has shrapnel lodged in his head, or any evidence the alleged shrapnel was the result of this alleged shooting. In sum, Plaintiff has failed to present any evidence to support his allegation that Defendant shot at him (Court File Nos. 36, 46).

Although the Court must draw all inferences in favor of the party opposing the motion for

summary judgment, an opposing party cannot establish a genuine issue of material fact by resting on the mere allegations of the pleadings, *see Hulsey v. State of Texas*, 929 F.2d 168, 170 (5th Cir. 1991)*,* or oppose summary judgment with unsworn materials. *Gordon v. Watson*, 622 F.2d 120 (5th Cir. 1980) (an unsworn statement may not be considered in determining the propriety of summary judgment). A bald allegation of a factual dispute is insufficient to create a genuine issue of material fact. *S.E.C. v. Recile*, 10 F.3d 1093, 1097 n. 15 (5th Cir. 1993) ("Recile's bald allegation of a factual dispute is insufficient, in itself, to create a genuine issue of material fact"). The Supreme Court has instructed that "[i]f the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. at 249-50 (internal citations omitted). "One of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses[.] . . . [T]he burden on the moving party may be discharged by 'showing'- that is, pointing out to the district court - that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. at 323. The Defendants have demonstrated there is "an absence of evidence to support" Plaintiff's case. Plaintiff simply has not produced any evidence to show that a genuine factual issue exists. *See Anderson v. Liberty Lobby Inc.,* 477 U.S. 242, 249 (1986).

In sum, because Plaintiff filed an unsworn complaint and his unsworn opposition to Defendants' motion for summary judgment did not include any properly signed and dated affidavits or evidence to support his allegation, there is no proof supporting the allegation. Consequently, there is insufficient evidence to raise a genuine issue of material fact precluding summary judgment. Accordingly, Defendant is **GRANTED** summary judgment and Plaintiff's claim against Defendant will be **DISMISSED**.

### III. Conclusion

In sum, Defendant Chattanooga Police Department is not a suable entity and, therefore will be **DISMISSED** as a Defendant. In addition, Defendant City of Chattanooga and Defendant Early are entitled to judgment as a matter of law because Plaintiff has failed to establish the City of Chattanooga had a custom or policy of using excessive force when attempting to arrest a defendant and failed to demonstrate a genuine issue of material fact existed as to his allegations against Defendant Early. Accordingly, Defendants will be **GRANTED** summary judgment and the complaint will be **DISMISSED** in its entirety.

An appropriate Final Judgment Order will enter and the scheduled trial date will be **CANCELLED**.

/s/
CURTIS L. COLLIER
CHIEF UNITED STATES DISTRICT JUDGE